## E. J. LEMAN v. B. W. BORDEN.

### No. 3233.

1. **Trial of Right of Property—Indorsement of Value Upon Claim Bond.** Personal property was seized under attachment. Claim under the statute was made by a vendee of defendant. The affidavit and claim bond stated the value of the goods to be within the jurisdiction of the Justice Court. No indorsement of value was made upon the claim bond. Motion to dismiss for want of the indorsement was overruled. *Held*, the statements in the affidavit and the bond that the amount was within the jurisdiction of the court were sufficient (in absence of the indorsements on the bond) to show the power of the court to try the case. The motion to dismiss was properly overruled.

2. **Fact Case—Bona Fide Purchaser.**—See facts held sufficient to sustain a sale by an insolvent debtor, testimony failing to show fraudulent intent on part of the debtor and also showing innocence on part of buyer.

3. **Immaterial Error.**—Parol evidence to a judgment was erroneously admitted; but as from other facts the judgment could not have been otherwise, such error was immaterial.

APPEAL from Angelina. Tried below before Hon. L. B. HIGHTOWER. The opinion states the case.

*Mantooth & Townsend,* for appellant.—1. Jurisdiction is determined by the assessed value of the goods indorsed on the bond by the officer making the levy, and not by the amount stated in the execution, affidavit, or bond. Sayles' Civ. Stats., art. 4823, 4826, 4831; 1 Ct. App. C. C., sec. 573; Chrisman v. Graham, 51 Texas, 454; 69 Texas, 580.

2. Every sale made for the purpose of hindering, delaying, or defrauding creditors, or which does delay, hinder, or defraud, when made with notice of such hindering, delaying, or defrauding, or when the vendee had notice of facts sufficient to put a man of ordinary prudence upon notice of the purpose of the vendor, is void as to creditors. Sayles' Civ. Stats., art. 2465; Traylor v. Townsend, 61 Texas, 144; Blum v. Simpson, 66 Texas, 84; Allen v. Carpenter, 66 Texas, 138; Blum v. Simpson, 71 Texas, 628.

No brief for appellee reached the Reporter.

COLLARD, JUDGE, *Section A.*—This is a statutory proceeding to try the right of property. E. J. Leman, appellant, sued James Wilson and R. P. Walker for debt, and attached certain goods as the property of Wilson. The appellee Borden claimed the goods under the statute, filing oath and bond, to whom the constable delivered the goods seized and returned the oath and bond to the Justice Court. Issues were tendered and accepted under direction of the court, the plaintiff claiming that the goods were subject to the levy, and that Wilson had transferred the same to defendant to hinder, delay, and defraud his creditors; defendant denying, and claiming that he had bought the same from Wilson in good faith, and paid a valuable consideration for them without notice of the alleged fraud. The constable making the levy failed to indorse on the bond the value of the goods, as required by the statute. Rev. Stats., art. 4826. Plaintiff filed a motion to dismiss the proceeding of the trial of the right of property, because the bond was not so indorsed, and the justice sustained the motion and dismissed the case. Defendant appealed to the District Court, where the motion was renewed and overruled. Plaintiff having lost on the merits, and appealed, now insists that the court erred in overruling the motion to dismiss.

Where the officer levies a writ upon personal property and *does* indorse on the bond of the claimant the value of the same, and such value is not within the jurisdiction of the court to which he returns the papers for the trial of the right of property, the indorsement is conclusive as to jurisdiction. Cleveland v. Tufts, 69 Texas, 582; Chrisman v. Graham, 51 Texas, 454; Rev. Stats., art. 4826. In this case,

the affidavit of the claimant alleges the value of the property to be $169.66, and in the body of the bond, approved by the constable making the levy, it is stated that he had assessed the value at the same amount. There being no indorsement on the bond, it did not appear that the court had no jurisdiction. The statements in the affidavit and the bond that the amount was within the jurisdiction of the court were sufficient, in the absence of the indorsement on the bond, to show the power of the court to try the case. There was no error in overruling the motion to dismiss.

Walker and Wilson were partners in a saloon business, and before the levy, about the 28th of December, 1889, they dissolved, the former selling out his interest to the latter, taking his note for $500, Wilson agreeing to pay all the debts of the concern. It was proved on the trial, that Wilson owed more debts than he was able to pay at the time he sold to Borden; and by parol, that he owed plaintiff $114, which had passed into judgment. The court below, before whom the case was tried without a jury, found, upon evidence sufficient to support the finding, that Borden purchased the goods from Wilson in good faith, paying therefor in cash $105; the balance in stock—two horses, one mule, and six oxen; that he, at the time, did not know Wilson was in debt, or that he (Wilson) intended to defraud his creditors; and that defendant had knowledge of no fact that would excite the suspicion of a prudent man that such was Wilson's intention. The court also declined to find that Wilson had any such intention. The findings also contain the following: "I find that the plaintiff failed to show by properly admitted evidence any indebtedness by Wilson to plaintiff. * * * Plaintiff did show, over objections of defendant, by oral testimony, that the defendant in attachment, Wilson, was indebted to plaintiff $114 by judgment of the Justice Court."

It was error to so find, as claimed by appellant, because the testimony was before the court, and plaintiff had by the court's ruling been authorized to believe it was sufficient and had no other opportunity to make the proof of the debt. This error was immaterial, however, because the court decided other controlling issues against plaintiff; that defendant did not know of the existence of any debts due by Wilson, or of any fact that would create a suspicion on the part of a prudent man at the time of the sale that it was Wilson's intent to defraud his creditors. There was ample testimony to support this conclusion of the court, and such conclusion was alone sufficient to require judgment for defendant. If the court had found that Wilson's intent by the sale was to defraud his creditors, and yet that defendant acted in good faith, and had no knowledge or constructive notice of the fraud, paying a valuable consideration for the goods, the court would have been required under the law to have rendered judgment for him.

The other assignment of error, that the court erred in not finding the alleged fraud on the part of Wilson, is immaterial, and need not be considered.

There is no reversible error assigned. Our conclusion is the judgment of the court below should be affirmed.

*Affirmed.*