FULLER, HANNA & CO. v. ROGERS.
(No. 73.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 10, 1916. Rehearing Denied March 1, 1916.)

1. CERTIORARI ⬿17 — RIGHT TO WRIT—CORRECTION OF RETURN.

On appeal from a judgment against the claimant of attached property in an action begun in a justice court, the Court of Appeals cannot issue certiorari to correct the return as made by the constable showing the value of the property attached in order to make it conform to his intentions, though it could issue the writ to have the record corrected if the return were incorrectly copied therein.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 22; Dec. Dig. ⬿17.]

2. JUSTICES OF THE PEACE ⬿44(7)—JURISDICTION—AMOUNT IN CONTROVERSY—CLAIM OF ATTACHED PROPERTY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 7773, providing that, when a third person shall claim attached property, the sheriff or officer having it in charge shall indorse on the writ the fact of such claim and state the value of the property, and article 7778, providing that, where the value assessed shall be more than $200 and less than $500, the writ shall be returned to the county court for trial, the assessment of the value by the officer, when made, is conclusive as to the court's jurisdiction, and the justice of the peace has no jurisdiction if it shows a value of $250, though, in fact, it was worth only half that amount.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 165; Dec. Dig. ⬿44(7).]

3. APPEAL AND ERROR ⬿185(1)—QUESTIONS PRESENTED—JURISDICTION.

The jurisdiction of the justice of the peace over a claim for attached property can be questioned by assignment of error to the judgment of the county court and appeal from a justice of the peace, since jurisdiction is a matter that can be called in question at any time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1166–1168, 1173; Dec. Dig. ⬿185(1).]

Appeal from Nacogdoches County Court; J. F. Perritte, Judge.

Attachment by Fuller, Hanna & Co. against George Rogers, in which Silas Rogers appeared and claimed the property. From a judgment of the county court, on appeal from a justice court, plaintiffs appeal. Reversed and dismissed.

S. M. Adams, of Nacogdoches, and Geo. F. Fuller, of Martinsville, for appellants. C. A. Hodges, of Nacogdoches, for appellee.

BROOKE, J. On the 14th day of December, 1914, the appellants, Fuller, Hanna &

Co., filed in the justice court, precinct No. 3, Nacogdoches county, a suit against one George Rogers, on account amounting to $156.40, and had issued on said day an attachment commanding the constable of precinct No. 3, Nacogdoches county, Tex., to seize sufficient property belonging to said George Rogers to make the sum of $156.40, and probable costs of suit, and that said constable did, on the 16th day of December, 1914, levy upon one gray mare and 800 pounds of cotton seed as the property of one George Rogers, and on the 16th day of December appellee, Si Rogers, filed with the justice of peace of said precinct and county his affidavit, and on the 17th day of December, said Si Rogers filed a claimant's bond in terms as required by law, which was approved, and the property was surrendered to the said Si Rogers. On the 19th day of March, 1915, the case was tried and judgment rendered against the claimant for the property, and within the time prescribed by law claimant filed his appeal bond, and the case was sent to the county court. On the 29th day of June, 1915, it was tried before a jury upon special issues, and the court on said issues rendered a judgment against the defendant. The case is properly before this court on appeal.

[1] We are confronted at the outset with an application for writ of certiorari filed by appellee which is in the following language:

"Now comes your petitioner, Si Rogers, appellee in the above styled and numbered cause, and makes this, his application for writ of certiorari, so as to make the record speak the truth therein in said cause, and represents to the court:

"(1) That for some reason, by oversight or error, the transcript in said cause shows the writ made by John P. Grimes, constable, upon the bond, that he valued the cotton and mare levied upon by him at $250, when in truth and fact same is an error, and the value of said property was by said officer fixed at $125, as is shown by said officer's statement hereto attached, and made a part hereof."

It is to be noted that the application for the writ does not state that the transcript does not contain on its face and is not a copy of the papers in the court below, and it appears that no claim is made that the error or oversight complained of consists in the incorrect copying into the transcript of papers; but, if we understand it, appellee is seeking to correct in this court a return made by a constable on a writ in the court below, and seeking here to show that the return should be corrected. If the return was not correct, this matter cannot be corrected in this court. Without question we would grant the writ if the record in this court was incorrectly copied, but we are without authority to grant the request or motion in this case. Therefore the application for writ of certiorari is overruled.

[2] Appellants by their first assignment complain that the court erred in not dismissing the cause, for the reason that it had no jurisdiction of the controversy, as was shown by the plaintiff's issues filed in the justice court, as the value as placed upon the property by the constable of precinct No. 3 was for more than the jurisdiction of the justice court.

Article 7773, Vernon's Sayles' Civil Statutes, provides:

"Whenever any person shall claim property and shall make the oath and give the bond, as provided for in this chapter, if the writ under which said levy was made was issued by any justice of peace or court of the county where such levy was made, the sheriff or other officer receiving such oath and bond shall indorse on the writ that such claim has been made and oath and bond given, stating by whom, and shall also indorse on such bond the value of the property as assessed by himself, and shall forthwith return such bond and oath to the proper justice or court having jurisdiction to try such claim, as hereinafter provided."

Article 7777 provides:

"The sheriff or other officer taking such bond shall also indorse on the original writ that such claim has been made and oath and bond given, stating by whom, the names of the sureties and to what justice or court the bond has been returned; and he shall forthwith return such original writ to the justice or court from which it is issued."

Article 7778 provides:

"Cases arising under this chapter shall be tried as follows:

"First. Where the assessed value of the property does not exceed $200, the writ shall be returned to a justice of peace, as before provided.

"Second. Where the value assessed is more than $200 and does not exceed $500, the writ shall be returned to the proper county court.

"Third. When the assessed value is more than $500, the writ shall be returned to the proper district court."

It has been held that the assessment of value placed on property by the officer who seizes it under attachment should determine the jurisdiction on the trial of the right of property, and not its value as subsequently ascertained. Cleveland v. Tufts, 69 Tex. 580, 7 S. W. 72; Harris v. Hood, 1 White & W. Civ. Cas. Ct. App. § 573; Carney v. Marsalis, 77 Tex. 62, 13 S. W. 636.

In the case of Cullers v. Gray, 57 S. W. 305, it was held that, where the officer omits to assess the value of a part of the property, the court is not bound to determine its jurisdiction by this assessment, but can hear evidence of value.

It has been held also that a justice of peace has no jurisdiction of a case on the trial of the right of property when the amount in controversy exceeds in value $200. Marx v. Carlisle, 1 White & W. Civ. Cas. Ct. App. § 93; Chrisman v. Graham, 51 Tex. 454.

It has been held that, in the absence of an indorsement on the bond, the statements in the affidavit and the bond that the amount was within the jurisdiction of the court is sufficient. Leman v. Borden, 83 Tex. 620, 19 S. W. 160.

All the authorities hold, however, that when the value of the property has been assessed by the sheriff or constable, it controls

the jurisdiction of the court, and that the value of the property subsequently ascertained on the trial does not control.

The record in this case shows that the constable of precinct No. 3, Nacogdoches county, when he levied on the property and claimant's bond was given and approved by the said constable, made the following indorsement:

"The within-named gray mare and 800 pounds of seed cotton has been valued by me in the sum of $250. John P. Grimes, Constable Precinct No. 3, Nacogdoches, Texas."

The view we take is that under this assessment of the value of the property levied on by the officer the case could not have been tried in any court save the county court. It having been tried, however, in the justice court and appealed to the county court, that court took no jurisdiction, and this court is without jurisdiction.

[3] Jurisdiction being a matter which can be called in question at any time, and being assigned as error by the appellant, and the facts being as above set out, we feel that of necessity the first assignment of error must be sustained, and therefore the cause will be reversed and dismissed from the docket of this court.

MIDDLEBROOK, J., not sitting.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes