Frank LOGAN, Appellant,

v.

Donna L. SANDEL, Appellee.

No. A2018.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 11, 1979.

Clifford J. Vacek, Mounger, Whittington & Pfeiffer, Houston, for appellant.

Donna L. Sandel, pro se.

Before MILLER, PAUL PRESSLER and SALAZAR, JJ.

MILLER, Justice.

This is an appeal from a suit for property damage to appellant's automobile. The trial court rendered judgment that appellant, plaintiff below, take nothing. He appeals from that judgment. We affirm.

The record shows that the appellee was properly served with citation and, in response, wrote a letter to the Harris County Clerk explaining the circumstances of the accident. The letter was filed among the papers of the case and considered by the court to be appellee's answer. Trial was to the court. The appellee failed to appear. The judgment recites that the court, after considering the pleadings and hearing evidence, was of the opinion that the facts and law were with the appellee and rendered judgment that the appellant take nothing.

No motion for new trial was filed. Subsequent to trial, and in response to appellant's request, the trial judge filed findings of facts and conclusions of law.

■ We are met at the outset with the absence of a statement of facts. Although this is not assigned as a point of error, we must briefly consider the effect of its absence due to the nature of appellant's points of error and his arguments in support thereof. In his first point he complains that the judgment, which is based on findings of no competent evidence, no evidence or insufficient evidence to show that appellee either operated a vehicle made the basis of suit or was negligent, was in error. His second point similarly attacks the trial court's findings of no competent evidence, no evidence or insufficient evidence to show that appellant sustained any damages. It is generally the rule that in the absence of a statement of facts, it must be presumed on appeal that the evidence supports the findings and judgment of the trial court. *Thrasher v. Hensarling*, 406 S.W.2d 515 (Tex.Civ.App.—Waco 1966, no writ). Consequently, the evidence is presumed to be sufficient, *Lane v. Fair Stores, Inc.*, 150 Tex. 566, 243 S.W.2d 683 (1951), and the findings of fact are conclusive on the reviewing court, *Nuse v. Kormeier*, 351 S.W.2d 382 (Tex.Civ.App.—Austin 1961, no writ).

There are exceptional cases, however, in which an appellant is entitled to reversal of the trial court's judgment in the absence of a statement of facts. *Houston Fire & Casualty Ins. Co. v. Walker*, 152 Tex. 503, 260 S.W.2d 600 (1953); *Granville v. Rauch*, 335 S.W.2d 799 (Tex.Civ.App.—Austin 1960, no writ). Appellant attempts to bring himself within an exception to the general rule. We think this is not the exceptional case.

■ Appellant's recitation in his brief that he was unable to obtain a statement of facts is not sufficient to combat the presumption of evidentiary sufficiency. There were many alternative methods which could have been utilized to preserve and demonstrate error depending upon the reason for the absence of the statement of facts. Un-

der varying circumstances these include assignment as error in the appellate court, Tex.R.Civ.P. 418(d), *Comer v. Farrell*, 45 S.W.2d 432 (Tex.Civ.App.—Dallas 1931, no writ); assignment of error in a motion for new trial, Tex.R.Civ.P. 324, *Harris v. Lebow*, 363 S.W.2d 184 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.); preparation of a statement of the evidence as provided by Tex.R.Civ.P. 377 and preparation of a bill of exceptions, *Victory v. Hamilton*, 127 Tex. 203, 91 S.W.2d 697 (1936). Appellant utilized none of these procedural alternatives.

Appellant further contends that the appellees pro se answer was sufficient, in and of itself, to establish his cause of action without the introduction of further evidence by him. In reviewing the answer, we find that the appellee stated, in part, that "The accident in question occurred as I was backing out . . .". Further, "Damage was to the right rear fender of the Logan car and none to my bumper." And ". . . above the damage my bumper inflicted." Appellant argues that these statements conclusively establish that appellee was the operator of the vehicle and that damage was done to the appellant's automobile. He cites several cases which stand for the proposition that admissions in trial pleadings are regarded as judicial admissions in that case and are established as a matter of law. No proof of the admitted fact is required at trial. *Red Top Taxi Company v. Snow*, 452 S.W.2d 772 (Tex.Civ.App.—Corpus Christi 1970, no writ); *J. A. Robinson Sons, Inc. v. Ellis*, 412 S.W.2d 728 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.). Further, appellant points out, that where the answer contains specific denials and no general denial, any allegation which is not denied is admitted. *Mentz v. Haight*, 97 S.W. 1076 (Tex.Civ.App.1906, no writ); *Diaz v. Chinn*, 150 S.W.2d 411 (Tex.Civ.App. —San Antonio 1941, no writ). Thereby, appellant contends, since the appellee failed to deny negligence in her answer, it is admitted.

■ We agree that the previously cited authorities are accurate statements of the law. But even assuming, without deciding,

that the appellee by her answer conclusively established that she was the operator of the auto and that she caused damage to the appellant's property, the trial court found that there was no competent evidence that appellant sustained any damages. Without any damages, appellant is not entitled to recover. The other findings, even if erroneous, are immaterial as the court decided a controlling issue against him. This renders any error in the trial court's other findings of fact harmless error. *Leman v. Borden*, 83 Tex. 620, 19 S.W. 160 (1892); *Potts v. Potts*, 354 S.W. 624 (Tex.Civ.App.—Dallas 1962, no writ); Tex.R.Civ.P. 434. In the absence of a statement of facts appellant is unable to meet his burden of demonstrating an evidentiary error from the record which requires reversal, *Englander Company Inc. v. Kennedy*, 428 S.W.2d 806 (Tex.1968); *Taylor v. American Emery Wheel Works*, 480 S.W.2d 26 (Tex.Civ.App.—Corpus Christi 1972, no writ).

The judgment of the trial court is affirmed.