**BANDAS INDUSTRIES, INC., Appellant,**

v.

**EMPLOYERS FIRE INSURANCE COMPANY, Appellee.**

**No. 12962.**

Court of Civil Appeals of Texas, Austin.

July 18, 1979.

William G. Herrmann, Harker Heights, for appellant.

Geoffrey A. FitzGerald, Bowmer, Courtney, Burleson & Pemberton, Temple, for appellee.

SHANNON, Justice.

Appellee, Employers Fire Insurance Company, sued appellant, Bandas Industries, Inc., in the district court of Bell County to recover $36,354.00 in retrospective premiums allegedly owed by appellant on two policies of insurance. After trial to the court, judgment was entered for appellee for that sum. We will affirm the judgment.

On or about June 30, 1975, appellant purchased two policies of insurance from appellee, one policy being a worker's compensation and employers' liability contract and the other being a comprehensive general liability contract. The insurance policies afforded appellant coverage from June 30, 1975 to June 30, 1976. The policies contained a retrospective premium endorsement.

A retrospective premium plan is one in which the assured pays a standard premium upon initiation of the policy period, subject to an adjustment at the anniversary of the policy based upon the loss experience of the assured. The sum sought by appellee's lawsuit represented the difference between the

standard premium previously paid by appellant and the maximum retrospective premium permitted under the endorsement.

By way of defense, appellant pleaded that the part of the insurance contract providing for a retrospective premium was unconscionable and unenforceable. In a counterclaim, appellant claimed damages of $100,000.00 resulting from appellee's cancellation of the insurance contracts. Appellant does not attack that part of the judgment denying the relief requested in the counterclaim.

It was undisputed that the parties entered into the contracts of insurance, that appellee cancelled the policies of insurance, that the retrospective premium due was $36,354.00, that appellee made demand upon appellant for that sum, and that appellant refused to pay.

After entry of judgment for appellee for $36,354.00, appellant requested the court to file findings of fact and conclusions of law. In response, the district court filed eighty-five findings of fact and thirty-three conclusions of law.

■ Appellant's brief contains twelve points of error. The refusal of the court to find the retrospective premium endorsement unconscionable is the basis for three points of error. The points will be overruled. Appellee did not set the rates or dictate the terms of the retrospective premium endorsements. The endorsement is contained in a printed form approved and sanctioned by the State Board of Insurance, and is used throughout the state. It is undisputed that appellee did not violate any rule or regulation of the State Board of Insurance in the realization of this transaction. There was no evidence that appellant was compelled to enter into the contracts of insurance with appellee. It is of significance that appellant obtained coverage from another carrier on the same day that appellee cancelled the insurance contracts. The district court concluded correctly that the contracts of insurance were not unconscionable.

■ Three points of error claim that the district court erred in refusing to admit parol evidence as to the circumstances existing at the time the parties entered into the contract of insurance, inasmuch as the terms of the contract were ambiguous. Appellant did not plead that the contract was ambiguous, nor did appellant tender any evidence for the purpose of explaining any ambiguity in the terms of the contract. Appellant did tender certain testimony of Mr. Bandas for the purpose of showing that the contract of insurance was unconscionable. The district court refused the tender for that purpose and the evidence was not re-offered for the purpose of explaining any ambiguity.

"It is well settled, that questions upon the admissibility of evidence, will be considered and responded to by the court, in the very terms in which they are propounded. If evidence proposed is not admissible for the purposes for which it is proposed, on objection to its admissibility, the court will not inquire whether it might be admissible for any other purpose." *O'Brien v. Hilburn,* 22 Tex. 616 (1858). The points of error are overruled.

■ In points of error seven through ten, appellant claims that the contract of insurance was not cancellable. Finding of fact thirty-six provides, "Both the policies and the endorsements provide for cancellation by either party." Finding fifty-five provides, "Each party possessed the same cancellation privilege." Neither finding of fact was challenged by point of error. Material findings of fact must be challenged in appellant's brief or else appellant is bound by such findings. *Cortez v. Cortez,* 457 S.W.2d 131 (Tex.Civ.App.1970, no writ); *Kroger Company v. Warren,* 420 S.W.2d 218 (Tex.Civ.App.1967, no writ). Points of error seven through ten are overruled.

Points eleven and twelve are that the court erred in finding that during the period the contracts of insurance were in effect, appellant had no safety program because such finding was supported by no evidence or, alternatively, was contrary to the great weight and preponderance of the evidence.

■■ The evidence was conflicting with respect to whether or not appellant had in effect a safety program. The fact finder, the district court in this instance, is the judge of the credibility of the witnesses and the weight to be accorded their testimony. *Harrell v. Sunylan Co.,* 128 Tex. 460, 97 S.W.2d 686 (1936). The district court must have credited appellee's evidence and disbelieved the testimony of appellant.

■ Assuming, *arguendo,* that the district court erred in finding that appellant did not have a safety program in effect, appellant has not demonstrated how such error was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Tex.R. Civ.P. 434. The points of error are overruled and the judgment is affirmed.