John SPOONMORE, Appellant,

v.

The BOARD OF POLYGRAPH EXAMINERS of The State of Texas, Appellee.

No. 13204.

Court of Civil Appeals of Texas, Austin.

Nov. 26, 1980.

Rehearing Denied Dec. 17, 1980.

SHANNON, Justice.

John Spoonmore, appellant, has appealed from the judgment of the district court of Travis County dismissing his administrative appeal. Appellant had appealed to district court the order of appellee, Board of Polygraph Examiners, suspending his license to practice as a polygraph examiner for a period of six months.

The Board, after hearing, suspended appellant's license on May 31, 1978. Appellant filed his motion for rehearing on June 14, 1978, but the Board did not act on the motion until August 2, 1978. Appellant filed his administrative appeal in district court on August 24, 1978.

Appellee filed a "plea in abatement" in district court claiming that appellant failed to file his administrative appeal in district court within the time allowed by law and, as a result, the district court had no jurisdiction to entertain the appeal.[1] After hearing, the district court sustained the plea and entered an order dismissing the administrative appeal for want of jurisdiction. This Court will affirm the order of the district court.

In defense of the order of dismissal, appellee relies upon the Administrative Procedure and Texas Register Act, Tex.Rev.Civ. Stat.Ann. art. 6252–13a (Supp.1980). The relevant provisions of that Act pertaining to appeals from administrative orders are set out below:

"Sec. 16(e) Except as provided in Subsection (c) of this section, a motion for rehearing is a prerequisite to an appeal. A motion for rehearing must be filed within 15 days after the date of rendition of a final decision or order. Replies to a motion for rehearing must be filed with the agency within 25 days after the date of rendition of the final decision or order, and agency action on the motion must be taken within 45 days after the date of rendition of the final decision or order. If agency action is not taken within the 45–day period, the motion for rehearing

Tom S. McCorkle, McCorkle, Westerburg & Felton, Dallas, for appellant.

Mark White, Atty. Gen., Dawn Bruner, Asst. Atty. Gen., Austin, for appellee.

---

1. The preferable method to question jurisdiction is by plea to the jurisdiction rather than by plea in abatement. Appellant, however, made no complaint of the use of the plea in abatement.

is overruled by operation of law 45 days after the date of rendition of the final decision or order. The agency may by written order extend the period of time for filing the motions and replies and taking agency action, except that an extension may not extend the period for agency action beyond 90 days after the date of rendition of the final decision or order. In the event of an extension, the motion for rehearing is overruled by operation of law on the date fixed by the order, or in the absence of a fixed date, 90 days after the date of the final decision or order.

(f) The parties may by agreement with the approval of the agency provide for a modification of the times provided in this section.

\* \* \* \* \* \*

Sec. 19(b) Proceedings for review are instituted by filing a petition within 30 days after the decision complained of is final and appealable . . ."

■ Appellee maintains that under the Act, appellant's motion for rehearing was overruled by operation of law on July 17, 1978, forty–five days after the Board entered its order. The petition must have been filed thirty days after July 17, 1978, that being August 16, 1978. Appellant, instead, filed the petition on August 24, 1978.

Appellant filed a response to the plea in abatement claiming that the time for agency action was extended pursuant to Section 16(f) by agreement of counsel and approval of the Board.

The parties filed affidavits in support of their respective positions. Appellant's counsel swore that counsel for appellee agreed that the time for Board action on the motion for rehearing would be extended, and the Board would approve the agreement of counsel. Appellee's counsel responded by filing his affidavit in which he swore that he ". . . entered into no agreement, oral or written, with [counsel for appellant] that the time for the Board of Polygraph Examiner's consideration of his motion for rehearing would be extended for any period of time."

To defeat appellee's plea, it was appellant's burden to prove, pursuant to Sec. 16(f), that: (1) the parties agreed to extend the time for agency action on his motion for rehearing, and (2) the Board approved the agreement of counsel to extend time for Board action on the motion.

At the hearing on appellee's plea, appellant's counsel, as a witness, read into evidence the affidavit that he had filed in opposition to the plea. Appellant called no further witnesses. Appellee put on no evidence. Most of the statement of facts consists of legal argument and colloquies between counsel and the court.

Appellant's sole point of error is that the district court erred in finding that there was no agreement between the parties under the provisions of Art. 6252–13a sufficient to extend the time for agency action on the motion for rehearing. The point of error is overruled.

■ It is obvious that the district court was not convinced by appellant's evidence that an agreement existed, or if such agreement existed, that it was approved by the Board of Polygraph Examiners as required by Sec. 16(f). The fact finder, the district court in this instance, is the judge of credibility of the witnesses and the weight to be accorded their testimony. *Harrell v. Sunylan Co.*, 128 Tex. 460, 97 S.W.2d 686 (1936); *Bandas Industries, Inc. v. Employers Fire Insurance Co.*, 585 S.W.2d 344 (Tex.Civ.App. 1979, no writ). This Court, of course, may not pass on the credibility of the witnesses. *Ryan v. Morgan Spear Associates, Inc.*, 546 S.W.2d 678 (Tex.Civ.App.1977, writ ref'd n.r.e.).

The judgment is affirmed.