**Robert E. HAMMOND, Appellant,**

v.

**Kent JOHNSON, Appellee.**

**No. 10–82–119–CV.**

Court of Appeals of Texas,
Waco.

Jan. 20, 1983.

Jon Paul Hammond, H.L. Dulick, Cleburne, for appellant.

Terry W. Bradley, Bradley & Lummus, Cleburne, for appellee.

## OPINION

THOMAS, Justice.

This appeal is from a plaintiff take-nothing judgment in a Texas Deceptive Trade Practices Act suit arising from Appellant's purchase of a used tractor from Appellee. A jury was waived and the case was tried before the court.

In his pleadings, Appellant alleges, among other allegations, that Appellee violated the Texas Deceptive Trade Practices Act [Art. 17.46(b), V.A.B.C.C.] by (1) representing the tractor had characteristics, uses or benefits it did not have; (2) knowingly making false or misleading statements of fact concerning the need for parts, replacement or repair service; (3) representing that goods or services were of a particular style or model when they were of another; and (4) failing to disclose information concerning goods known at the time, such failure being intended to induce Appellant into a transaction he would not have otherwise entered. In addition, Appellant alleges that Appellee breached certain express and implied warranties.

The record in this case is replete with material conflicts in the evidence, especially between the testimony of Appellant and Appellee concerning what was said and what was done by the parties in the sale and purchase of the used tractor. After a trial before the court, the court filed comprehensive findings of fact and conclusions of law. We do not find it necessary to detail such findings, but suffice it to say the court's findings resolved every material fact issue against Appellant's theory of recovery under the Texas Deceptive Trade Practices Act; further, the court concluded that Appellant had failed to establish a cause of action against Appellee and take-nothing judgment should be entered in Appellee's favor.

Appellant assigns forty-five points of error in his appeal, alleging that the trial court erred in its findings of fact because Appellant had proved the opposite of the

trial court's findings of fact as a matter of law or that the trial court's findings of fact were against the great weight and preponderance of the evidence. We reject Appellant's contentions on appeal and do not find it necessary to discuss his points of error in any detail.

The trial court became the fact finder in this case and, therefore, the sole judge of the credibility of the witnesses and the weight to be accorded their testimony. Acting as a fact finder, the court could, and did in this instance, resolve conflicts in testimony against Appellant's position. *Harrell v. Sunylan Co.,* 128 Tex. 460, 97 S.W.2d 686 (Tex.1936); *Spoonmore v. Board of Polygraph Examiners,* 608 S.W.2d 360 (Tex. Civ.App.—Austin 1980, writ ref'd n.r.e.). Although the testimony from the witnesses conflicted in this case, there is substantial probative evidence supporting the trial court's findings of fact.

Appellant's points of error concerning denial of his request for additional findings of fact are without merit.

Appellant contends that the court erred by improperly admitting evidence in violation of the best evidence rule and without the proper predicate being laid for the admission. If true, such would be harmless error. Where the trial is before the court, though error was committed in receiving evidence, the presumption obtains that the court founded its judgment on competent testimony found in the record. *Victory v. State,* 138 Tex. 285, 158 S.W.2d 760 (Tex. 1942). Likewise, Appellant's point of error that the court erred in finding that Appellee did not receive notice of the suit as required by the Texas Deceptive Trade Practices Act is without substance, since the trial court properly found that Plaintiff had not established a cause of action against Appellee. Any error in regard to this finding by the trial court became immaterial and harmless. *Leman v. Borden,* 83 Tex. 620, 19 S.W. 160 (Tex.1892).

All of Appellant's points of error are overruled and the trial court's judgment is affirmed.