IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-295-CV





IN THE MATTER OF J.H.






 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT



NO. J-12,050, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 





PER CURIAM

 Appellant J.H., a juvenile, appeals from a trial court judgment adjudging him guilty
of delinquent conduct and committing him to the Texas Youth Commission. We will affirm the
trial court's judgment.



BACKGROUND


 J.H. was on probation in the custody of his mother based on an earlier adjudication
that he had engaged in delinquent conduct when, on February 25, 1993, appellee the State of
Texas filed a first amended motion to modify disposition alleging that J.H. had violated the terms
of his probation. Specifically, the State alleged that on or about August 20, 1992, J.H. violated



Section 21.11 of the Texas Penal Code (Indecency with a Child by Contact) in that
he did then and there, with the intent to arouse and gratify his sexual desire,
knowingly and intentionally engage in sexual contact by touching the breasts and
genitals of [L.H.], a child younger than 17 years of age and not his spouse.



See Act of May 29, 1987, 70th Leg., R.S., ch. 1028, § 1, 1987 Tex. Gen. Laws 3474 (Tex. Penal
Code Ann. 21.11, since amended); Tex. Penal Code Ann. § 21.01(2) (West 1994). (1) The trial
court held a hearing on the motion to modify. On April 12, 1993, the trial court signed two
orders. In the first order, captioned "Order Modifying Judgment of Delinquency," the trial court
found that J.H. violated section 21.11 as alleged and "engaged in delinquent conduct within the
meaning of Section 51.03 of the Texas Family Code." Act of March 25, 1991, 72nd Leg., ch.
16, § 7.02, 1991 Tex. Gen. Laws 244, 268 (Tex. Fam. Code Ann. § 51.03, since amended). In
the second order, captioned "Order Modifying Probation Committment to the Texas Youth
Commission," the trial court ordered J.H. committed to the care, custody, and control of the
Texas Youth Commission (TYC). J.H. appeals from the trial court's April 12, 1993, orders. 



DISCUSSION


 J.H. advances seven points of error. In points of error one, two, and three, J.H.
asserts that the trial court violated his state and federal constitutional rights when the judge heard
alone in chambers unsworn, unrecorded testimony from the victim's grandmother. Specifically,
he asserts that he was denied his (1) due-process rights under the fourteenth amendment to the
United States Constitution; (2) right to due course of law under Article I, Section 9 of the Texas
Constitution; and, (3) right of cross examination and confrontation under the fifth amendment of
the United States Constitution.

 The record reflects that at the hearing on the motion to modify, the court found that
J.H. engaged in delinquent conduct. The trial court then proceeded to the disposition phase of
the hearing. After the parties closed the presentation of their evidence, but before the trial court
rendered its disposition order, the trial court recessed to "visit" with the victim's grandmother in
chambers. Apparently, no record was made of what transpired in chambers. When the hearing
resumed, the trial court rendered its decision modifying disposition and committing J.H. to the
TYC.

 As a general rule, appellate courts will not consider errors, even those of
constitutional magnitude, not called to the trial court's attention. Corley v. State, 582 S.W.2d
815, 821 (Tex. Cr. App.), cert. denied, 444 U.S. 919 (1979); State v. Nolan, 808 S.W.2d 556,
559 (Tex. App.--Austin 1991, no pet.); McCain v. NME Hosps., Inc., 856 S.W.2d 751, 755 (Tex.
App.--Dallas 1993, no writ). To preserve a complaint for appellate review, a party must have
presented to the trial court a timely request, objection, or motion, stating the specific grounds for
the ruling he desired the court to make. Tex. R. App. P. 52(a). J.H. did not object to the trial
court's action. Thus, he has preserved nothing for review. Accordingly, points of error one,
two, and three are overruled.

 In his fourth point of error, J.H. asserts that there is no evidence to show that if
J.H. committed the act of touching the victim's breast, that he did so with the intention of
arousing and gratifying his own sexual desire. The Texas Rules of Civil Procedure govern 
juvenile proceedings except when the rules conflict with a specific provision of the Texas Family
Code. Tex. Fam. Code Ann. § 51.17 (West 1986). In determining a legal sufficiency question,
this Court will consider only the evidence most favorable to the fact finding and will disregard
all opposing or contradictory evidence and inferences. In re L.G., 728 S.W.2d 939, 943 (Tex.
App.-- Austin 1987, writ ref'd n.r.e.). The State's burden of proof in adjudicating a child to be
delinquent or in need of supervision is beyond a reasonable doubt. Tex. Fam. Code Ann. §
54.03(f) (West 1986). The relevant question, then, is whether the State proved beyond a
reasonable doubt that J.H. committed the act of touching the victim's breast with the intention of
arousing and gratifying his own sexual desire. The requisite specific intent to arouse or gratify
the sexual desire of any person can be inferred from the defendant's conduct, his remarks, and
the surrounding circumstances. McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App.
1981); Cruz v. State, 742 S.W.2d 545, 548 (Tex. App.--Austin 1988, no pet.). 

 L.H. (2), the victim, testified that on August 20, 1992, she was walking down the
street with her cousins, Nicholas, who was in a baby stroller, and Rodrick, age five or six. J.H.
approached the three on a bicycle. J.H. got off the bicycle, picked L.H. up and held her by the
arm. J.H. put his hand underneath her shirt and touched her breast, then put his hand down into
her pants. L.H. further testified that J.H. attempted to kiss her. L.H. tried to hit J.H. and
screamed during the assault. After the attack, L.H. ran to her grandmother's house. 

 L.H.'s grandmother, Julia Riley, testified that on August 20, 1992, L.H. told her
that J.H. had approached her, picked her up and put his hand inside her blouse "messing with her
breasts," and took his other hand and put it inside her panties and his finger inside her vagina. 
Riley further testified that L.H. told her J.H. tried to kiss her while she tried to push him away
crying, "Stop, leave me alone." Riley additionally testified that at the time L.H. came running
to her to tell her what had happened, she observed J.H. standing around suspiciously. We
conclude that the evidence is legally sufficient to prove beyond a reasonable doubt that J.H.
touched the victim's breast with the intention of arousing and gratifying his own sexual desire. 
The fourth point of error is overruled.

 In his fifth point of error, J.H. asserts that the trial court abused its discretion in
ordering the prosecutor to conduct his entire direct examination of the victim through leading
questions. After the victim took the witness stand and stated her name for the record, the trial
court stated, "Pursuant to Rule 611 of the Rules of Civil Evidence, (3) I'm directing the District
Attorney to conduct the examination in a leading manner." The State asked the victim
approximately twenty leading questions before appellant proffered the following objection: "Your
Honor, I object. I know that some leading is necessary because of the language used in the
questions, but--." At this point the trial court interrupted counsel, stating, "I guess you just didn't
understand me. Pursuant to the Court's order, Rule 611, I've directed the District Attorney, for
the ascertainment of the truth, for the convenience of the witness, to use solely leading questions. 
That's pursuant to a court order. Your objection is overruled." 

 J.H. argues for the first time on appeal that the text of Rule 611 requires that a
party be allowed to lead his witness only after making a request to do so and only after a necessity
to do so has been shown. J.H. also argues for the first time that the leading questions supplied
the victim with a "false memory;" rather than relating her own story, she simply acquiesced in
the prosecutor's account of the story. 

 J.H. did not immediately object when the trial court ordered the State to conduct
its examination in a leading manner. Tex. R. App. P. 52(a); Clark v. Trailways, Inc., 774
S.W.2d 644, 647 (Tex.), cert. denied sub nom., Transportes Del Norte v. Clark, 493 U.S. 1074
(1989) (generally, parties must present timely objection to trial court to preserve complaint on
appeal). Nor did J.H. state the specific grounds for his objection or the ruling he desired the
court to make. Tex. R. App. P. 52(a) (party must present timely objection stating specific
grounds for ruling he desires court to make). J.H. did not raise in the trial court the bases for his
objection that he now urges on appeal. Ramsey v. Lucky Stores, Inc., 853 S.W.2d 623, 637 (Tex.
App.--Houston [1st Dist.] 1993, writ denied). Error, if any, is waived. Additionally, even if J.H. had preserved his complaint, it is without merit. Our
reading of the record does not lead us to conclude that the victim acquiesced in the prosecutor's
account of the story. Furthermore, under the text of Rule 611, it is not mandatory that a party
request or show the necessity for leading questions before leading questions may be allowed. The
asking of leading questions is seldom a ground for reversal, especially when a child is testifying. 
The decision to allow direct examination by leading questions is a matter committed to the sound
discretion of the trial court. Uhl v. State, 479 S.W.2d 55, 57 (Tex. Cr. App. 1972). Appellant
has not alleged or shown he was unduly prejudiced by the leading questions. We find no abuse
of discretion. Appellant's fifth point of error is overruled.

 In his sixth point of error, J.H. asserts no evidence supports the trial court's
disposition order committing appellant to the TYC. A trial court may commit a child to the TYC
following a hearing in which the child has been adjudicated delinquent. Act of May 25, 1991,
72nd Leg., R.S., ch. 784, § 8, 1991 Tex. Gen. Laws 2778, 2781 (Tex. Fam. Code Ann. §
54.04(d)(2), since amended). In challenging a trial court's order of disposition on appeal, the
child must show that the trial court abused its discretion in making the disposition it did. In re
L.G., 728 S.W.2d at 944. 

 The trial court is required to state the reasons for its disposition in the disposition
order. Tex. Fam. Code Ann. § 54.04(f) (West 1986). In its disposition order the trial court
found that: (1) J.H. was in need of rehabiliation; (2) the protection of the public required that
disposition be made; (3) the trial court's local resources were not adequate to meet J.H.'s needs
or protect the public; and, (4) it was in J.H. and society's best interests that he be committed to
the TYC. One of the many reasons underlying the requirement that the trial court specifically
state its reasons for the disposition ordered is that it furnishes a basis for the appellate court to
determine whether the reasons recited are supported by the evidence and whether they are
sufficient to justify the order of disposition. In re L.G., 728 S.W.2d at 944-45. 

 In In re L.G., this Court observed:



After reviewing cases in other contexts upholding the trial court's disposition order
committing a delinquent child to the Texas Youth Commission, we find a definite
fact pattern is present. These cases denote a proper commitment when the
delinquent child involved has engaged in some type of violent activity which makes
them potentially dangerous to the public, or has been given a negative
recommendation for probation. (citations omitted)



In re L.G., 728 S.W.2d at 945. 

 J.H. argues that he should not have been committed to the TYC because his
probation officer, Kelley Farris Cunningham, recommended that J.H. be placed on intensive
supervision probation (ISP). We will review Cunningham's testimony in the context of the record
that was before the trial court.

 The record reflects that J.H. had been referred to Juvenile Court twenty-one times
since May 1990. The trial court initially placed J.H. on probation in June 1991 after finding he
had engaged in delinquent conduct, to-wit, criminal trespass and theft. Four months later, J.H.
was again adjudged to have engaged in delinquent conduct (theft), and his probation was extended
another year. Eleven months later, J.H. was adjudged to have engaged in delinquent conduct
again, this time evading arrest or detention. He was again placed on probation in the custody of
his mother. 

 Cunningham testified at the hearing that J.H. was not consistent about meeting with
him regularly. Cunningham recommended ISP because he believed that J.H. needed intensive
supervision to be held accountable on a more intensive level "than I'm able to offer as a regular
probation officer." The trial court asked if J.H. wouldn't be held even more accountable at TYC. 
Cunningham testified that he felt TYC would not necessarily hold J.H. more accountable because
he would be a general offender there, which made it likely he would be back in Austin in a half-way house or group home within three or four months, where he would not receive as intensive
supervision as he would on ISP. Cunningham testified that without proper supervision and being
held accountable on a consistent basis, J.H.'s likelihood of reoffending was great. Cunningham
voiced concern that "as soon as the Court's back is turned, I'm wondering what's going to
happen." 

 From this testimony it is clear that the question being addressed was which of two
alternatives, ISP or commitment to TYC, would best meet J.H's need for supervision and
accountability. The trial court as the trier of fact is the judge of the credibility of the witnesses
and the weight to be accorded their testimony. Bandas Indus. v. Employers Fire Ins. Co., 585
S.W.2d 344, 347, (Tex. Civ. App.--Austin 1979, no writ). Here, the trial court was free to accept
Cunningham's testimony regarding J.H.'s need for intensive supervision and accountability, and
to give less or no weight to the probation officer's reasons for recommending ISP over
commitment to TYC to achieve the desired level of supervision and accountability. Moreover,
Cunningham's recommendation that J.H. be placed on ISP is not the sole consideration in
reviewing whether the trial court's disposition should be upheld. Commitment would also be
proper if J.H. engaged in some type of activity which makes him potentially dangerous to the
public. The record reveals that in the six months immediately preceding the disposition hearing,
J.H. had been suspended from school five times; four of the five suspensions were for physical
aggression towards others; three of those four were for physical aggression towards a staff
member. J.H. was required to be physically restrained by the teachers in three of the four
instances, due to his aggressiveness towards them and subsequent intimidation. In addition, on
April 12, 1993, the trial court found that J.H. engaged in delinquent conduct, indecency with a
child by contact, an offense against the person. We hold that the evidence supports the trial
court's findings in its disposition order. Accordingly, the trial court did not abuse its discretion
when it committed J.H. to the TYC. The sixth point of error is overruled.

 In his seventh point of error, J.H. asserts that the trial court's written order
revoking his probation and committing him to the TYC contains material errors and should be
reformed. Specifically, J.H. complains that the trial court's written order erroneously contains
the finding that he touched the genitals of L.H., while the trial court's oral finding at the
conclusion of the hearing found only that he touched her breasts. Thus, he argues the trial court's
oral finding is contrary to its written finding and the written order should be reformed. The State
concedes that the trial court's oral finding and written order conflict in this regard and urges us
to modify the trial court's written judgment. In effect, the parties urge us to substitute the trial
court's oral finding for its written one set forth in the disposition order.

 Neither party cites any authority for the proposition that when the trial court's
written reasons for its disposition vary from an oral pronouncement of its reasons, the disposition
order is erroneous and must be reformed to reflect the reasons orally pronounced. The trial court
is required to state specifically in its disposition order its reasons for the disposition and to furnish
a copy of the order to the child. Tex. Fam. Code Ann. § 54.04(f) (West 1986). These
requirements provide assurance that the child and his family will be advised of the reasons for
commitment and will be in a position to challenge those reasons on appeal. In re T.R.W., 533
S.W.2d 139, 141 (Tex. Civ. App.--Dallas 1976, no writ), overruled on other grounds, In re
K.K.H., 612 S.W.2d 657 (Tex. App.--Dallas 1981, writ ref'd n.r.e.). Section 54.04(f)'s plain
language requires that the trial court state its reasons for disposition in the order. Accordingly,
this Court will not substitute the trial court's oral pronouncement of its reasons for the written
ones stated in the disposition order. 

 J.H. contends, multifariously, that the written finding that J.H. touched the victim's
gentials is contrary to the evidence. We construe his complaint as an attack on the factual and
legal sufficiency of the evidence to support the trial court's finding that J.H. touched the victim's
genitals. In determining a legal sufficiency question, this Court will consider only the evidence
most favorable to the fact finding and will disregard all opposing or contradictory evidence and
inferences. In re L.G., 728 S.W.2d at 943. In determining the factual sufficiency of the evidence,
we must consider and weigh all the evidence and should set aside the judgment only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v.
Bain, 709 S.W.2d 175, 176 (1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951); see
also Pool v. Ford. Motor Co., 715 S.W.2d 629 (Tex. 1986); see generally William Powers, Jr.
& Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence", 69 Tex. L. Rev. 515
(1991). We have reviewed the evidence and find it legally and factually sufficient to support the
finding. The seventh point of error is overruled.

 The trial court's judgment is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: September 14, 1994

Do Not Publish
1. [1] This offense took place before September 1, 1994, and is governed by the law in effect at
the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex.
Gen. Laws 3586, 3705. Because the code amendments effective September 1, 1994, have no
substantive effect on this offense, the current code is cited for the sake of convenience. 
2. [2]  L.H. was nine years old when she testified on April 23, 1993. 
3. [3] The text of Rule 611 provides, in pertinent part: 


(c) Leading Questions. Leading questions should not be used on the direct
examination of a witness except as may be necessary to develop the
testimony of the witness. Ordinarily leading questions should be permitted
on cross-examination. When a party calls a hostile witness, an adverse
party, or a witness identified with an adverse party, interrogation may be
by leading questions.


Tex. R. Civ. Evid. 611.